FILED
07/14/2022
Peg L. Allison
CLERK
Flathead County District Court
STATE OF MONTANA
By: Lisa Petak
DV-15-2022-0000760-PL
Ulbricht, Heidi J
1.00

David G. Tennant
KAUFMAN VIDAL HILEMAN ELLINGSON PC
22 Second Ave. West, Suite 4000
Kalispell, MT 59901
david@kvhlaw.com
Telephone: (406) 755-5700
Fax: (406) 755-5783

Attorneys for Plaintiff

### MONTANA ELEVENTH JUDICIAL DISTRICT COURT, FLATHEAD COUNTY

| STEPHEN PETERS,<br><br>Plaintiff,<br><br>vs.<br><br>DEPUY ORTHOPAEDICS, INC., AND DOES 1-20,<br><br>Defendants. | Cause No. DV-_____<br><br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |
|---|---|

For his cause of action against Defendants, Plaintiff Stephen Peters alleges as follows:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff Stephen Peters is an individual living in Flathead County, Montana.

2. Defendant Depuy Orthopaedics, Inc., is a corporation which designs, manufactures and markets tibial insert components for total knee arthroplasty revisions in Flathead County, Montana.

3. On September 13, 2019, Stephen Peters had left knee arthroplasty revision of tibial and polythylene components.

4. The tibial stem failed and fractured at the junction between the stem and the

tibial baseplate resulting in ongoing pain, infection, and corrective surgery.

5. Upon information and belief, there was a defect with the metal manufacturing and/or manufacturing process.

6. Upon information and belief, there was a defect in storing and/or shipping of the tibial components.

7. Upon information and belief, the component that failed was on the market through what is known as a "premarket notification" or "§ 510(k) process."

8. Upon information and belief, the component that failed was on the market through what is known as a "premarket approval" or "§ 360k(a) process."

9. Defendants violated FDA requirements.

10. Defendants violated federal law in manufacturing the tibial component.

11. In the event Defendants did get premarket approval, Defendants did not adhere to FDA standards in the premarket approval process.

12. Upon information and belief, Defendants did not establish and maintain procedures to prevent contamination of the tibial component that could reasonably be expected to have an adverse effect on product quality.

13. Defendants failed to comply with product specifications (shear force) approved by the FDA.

14. As a result of the component failure, Stephen Peters was severely injured.

15. Stephen Peters had a revision left total knee arthroplasty (both components and patella) on March 31, 2020.

## COUNT 1. NEGLIGENCE

16. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if set out here in full.

17. Defendants were negligent in the manner in which they designed, manufactured, labeled, serviced and/or marketed the tibial stem which failed and caused Plaintiff's injuries.

18. Defendants negligently, expressly or impliedly misrepresented material facts concerning the quality and character of the knee arthroplasty revision components in question, failed to make necessary repairs to defects, and failed to warn of specific risks should the knee arthroplasty revision components be used in a foreseeable manner.

19. Defendants negligently designed, manufactured, serviced and/or marketed the knee arthroplasty revision components in question by failing to use and design material and parts of the quality and strength required to make the product safe for any foreseeable use.

20. Defendants negligently designed, manufactured, labeled and/or marketed the knee arthroplasty revision components in question by failing to warn of the dangers inherent in using the knee arthroplasty revision components, even if the knee arthroplasty revision components were used in a manner other than that specified by Defendants, because Plaintiff's use of the knee arthroplasty revision components was one that Defendants could reasonably foresee.

21. As a proximate result of Defendants' negligence, Plaintiff Stephen Peters has sustained damages as a result of mental and physical pain and suffering, has incurred

medical expenses and expenses of treatment, and has suffered an impairment of his ability to make wages, sustain future earning capacity and maintain an established course of life.

## COUNT 2. BREACH OF WARRANTY

22. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if set out here in full.

23. Defendants, by releasing the knee arthroplasty revision components for retail sale, impliedly warranted that the knee arthroplasty revision components were fit for the purpose for which they were designed, and that the components were safe and suitable for a knee arthroplasty revision.

24. Defendants impliedly warranted that the knee arthroplasty revision components were of merchantable quality, fit, safe and in proper condition for their foreseeable use.

25. As a proximate result of Defendants' breaches of warranty, Plaintiff Stephen Peters has sustained damages as a result of mental and physical pain and suffering, has incurred medical expenses and expenses of treatment, and has suffered an impairment of his ability to make wages, sustain future earning capacity and maintain an established course of life.

## COUNT 3. STRICT LIABILITY

26. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if set out here in full.

27. Defendants expected the knee arthroplasty revision components in question to reach consumers in the condition in which they were sold.

28. Just prior to failure of Defendants' knee arthroplasty revision components, Plaintiff Stephen Peters was using the knee arthroplasty revision components in a reasonably foreseeable manner, unaware of any defect in the knee arthroplasty revision components.

29. Defendants' knee arthroplasty revision components, and their surrounding packaging, labeling and warning, or lack thereof, were designed, manufactured, labeled and marketed in a defective condition, unreasonably dangerous to Plaintiff Stephen Peters.

30. As a proximate result of the defective design and manufacture and the incomplete, inaccurate and/or misleading warnings, or lack thereof, all unreasonably dangerous to the user, Plaintiff Stephen Peters has sustained damages as a result of mental and physical pain and suffering, has incurred medical expenses and expenses of treatment, and has suffered an impairment of his ability to make wages, sustain future earning capacity and maintain an established course of life.

## COUNT 3. FAILURE TO WARN

31. Plaintiff hereby incorporates each and every preceding and succeeding allegation of this Complaint as though fully set forth herein.

32. The duty owed by Defendants to Plaintiff was to use reasonable care under the circumstances to warn Plaintiff of the known risk of tibial stem failure and fracturing at the junction between the stem and the tibial baseplate.

33. Defendants' duty, and any resulting liability for breach thereof, arose based solely on Defendants' own knowledge of conditions and circumstances about tibial stem failure and fracturing at the junction between the stem and the tibial baseplate, and Defendants' own

conduct, wholly independent of any other manufacturing duties, Defendants' independent common law duty to Plaintiff, or any act or omission by Defendants in breach thereof.

34. Plaintiff suffered damages as a result of Defendants' failure to warn.

WHEREFORE, Plaintiff demands judgment from Defendants as follows:

1. For general and special damages in an amount of $50,000;

2. For interest and costs of this action if Depuy Orthopaedics, Inc., does not confess judgment; and

3. For such other relief as the District Court deems just and equitable if Depuy Orthopaedics, Inc., does not confess judgment.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

DATED this 14 day of July 2022.

KAUFMAN VIDAL HILEMAN ELLINGSON PC

By: _____
David G. Tennant
Attorneys for Plaintiff